IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBRA WALTERS, Admin. of the :
Estate of THOMAS GONEY, JR., :
et al., :
:
Plaintiffs, :
: Case No. 3:09cv136
vs. :
: JUDGE WALTER HERBERT RICE
NAPHCARE, INC., et al., :
:
Defendants. :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION (DOC. #4)

---

This litigation arises out of the use of Consent to Treatment Forms used at many jails and prisons around the country. Those Forms require an inmate to release his or her claims of liability against Defendant Naphcare, Inc. ("Naphcare"),[1] and its employees, in exchange for receiving medical treatment while incarcerated. Both Plaintiff Debra Walters' ("Walters") decedent, Thomas Goney ("Goney"), and Plaintiff Homer Ritter ("Ritter") are alleged to have been incarcerated in the Montgomery County, Ohio, jail, where they were required to sign Consent to

---

[1]According to Plaintiffs' Complaint, Naphcare has entered into contracts, under which it supplies medical services to a number county jails, as well as state and federal prisons.

Treatment Forms in order to receive medical care. Those Forms contained provisions which purported to release their claims against Naphcare and its employees.

Plaintiffs bring this litigation as a putative class action, on behalf of all individuals who have been incarcerated in the Montgomery County jail, as well as in a number of other jails and prisons across the country, where Naphcare has provided medical care to inmates, and been required to sign Consent to Treatment Forms which contain releases. Plaintiffs assert that requiring inmates to sign Consent to Treatment Forms violates the United States Constitution and Ohio law.

This case is now before the Court on the Plaintiffs' Motion for Preliminary Injunction (Doc. #4), with which they request the Court to enjoin Naphcare from conditioning medical care to incarcerated individuals on the execution of a medical release. For reasons which follow, this Court denies the requested injunctive relief.

In <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983), the plaintiff, who had previously been injured by police officers using a chokehold, brought an action seeking injunctive relief and damages against the City of Los Angeles, alleging that use of the chokehold violated the Fourth Amendment. After the District Court had granted an preliminary injunction, preventing Los Angeles from using the chokehold except in instances where the use of deadly force would be justified, and the Ninth Circuit had affirmed, the Supreme Court reversed, writing:

> Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.

Id. at 111.  Ohio courts have applied the same standard when ruling on requests for injunctive relief under state law.  Thus, in Searles v. Germain Ford of Columbus, LLC, 2009 WL 756645 (Ohio App. 2009), the Franklin County Court of Appeals wrote:

> When a request for injunctive relief is based upon a past wrong, a plaintiff must show a real or immediate threat that the plaintiff again will be wronged.  Davis v. Flexman (S.D.Ohio 1999), 109 F. Supp.2d 776, 783-84, citing City of Los Angeles v. Lyons (1983), 461 U.S. 95; O'Shea v. Littleton (1974), 414 U.S. 488, 495-96.

Id. at *4.

Herein, Ritter has failed to demonstrate or even argue that there is a substantial likelihood that he will again be subjected to the alleged illegality of being required to sign a Consent to Treatment Form which contains a release, in order to obtain medical treatment while incarcerated.  In her representative capacity, Walters is particularly unable to establish such a likelihood, given that Goney is deceased.  Moreover, since she does not even allege that she has been incarcerated and required to sign a Consent to Treatment Form, Walters has not demonstrated such a likelihood in her individual capacity.  In addition, the fact that this action has been brought as a putative class action does not satisfy the requirement imposed by the Court in Lyons.  This action has not been certified; therefore, the putative class members are not parties to this litigation, entitled to seek injunctive relief even if one or more could make the showing required by Lyons.

Accordingly, the Court overrules Plaintiffs' Motion for Preliminary Injunction (Doc. #4).  When and if this litigation is certified as a class action, the Plaintiffs

may renew their request for preliminary injunctive relief, <u>if</u> a member of the class can make the showing required by <u>Lyons</u>.

March 3, 2010

              /s/ Walter Herbert Rice
              WALTER HERBERT RICE, JUDGE
              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.