IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBRA WALTERS Admn. of :
the Estate of THOMAS GONEY, JR.
deceased, et al. :

      Plaintiffs, :
                                              Case No. 3:09cv136
      vs. :
                                JUDGE WALTER HERBERT RICE

NAPHCARE, INC., et al. :

      Defendants. :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS' MOTION TO DISMISS (DOC. # 11); PLAINTIFFS
GRANTED LEAVE TO FILE AMENDED COMPLAINT WITHIN TWENTY
DAYS

---

Defendants in this litigation are NaphCare, Inc. ("NaphCare"), which is in the business of providing health care services to detention facilities, as well as individuals who are responsible for the operation of twenty detention facilities ("detention facilities") across the country, which contract with NaphCare for services.[1] This litigation arises out of the use by these detention facilities of

---

[1]Specifically, the Defendants, in addition to NaphCare, are Harley G. Lappin (various federal prisons), Phil Plummer (Montgomery County Jail, Ohio); Rod Hoops (West Valley Detention Center, California); Mark A. Broaddus (Colorado Department of Corrections); Ezell Brown (Newton County Jail, Georgia); Tony Thompson (Black Hawk County Jail, Iowa); Simon L. Leis, Jr. (Hamilton County Jail, Ohio); Duane J. Maceachern (Massachusetts Correctional Institution); Robert F. Murphy, Jr. (Massachusetts Treatment Center); Frank G. Cousins, Jr. (Essex

"Consent to Treatment Forms," which require inmates to release claims of liability against NaphCare and its employees, in exchange for receiving medical treatment while incarcerated.

Plaintiffs are Homer Ritter and Debra Walters, as administrator of the estate of Thomas B. Goney, Jr.[2] Both Ritter and Goney were incarcerated in the Montgomery County (Ohio) Jail, at all times pertinent to the present litigation and were required to sign, as a precondition of receiving medical care, a Consent to Treatment Form. Among state common law claims, Plaintiffs bring suit under 42 U.S.C. § 1983, claiming that requiring inmates to sign this Form violates the United States Constitution.

Presently before the Court is the Defendants' Motion to Dismiss, based on (among other grounds[3]) the following: lack of personal jurisdiction, as to the non-

---

County Jail, Massachusetts); Douglas C. Gillespie (Clark County Detention Center, Nevada); Joseph Forti (North Las Vegas Detention Facility); Brian Fischer (Fishkill Correctional Facility and the Wende Correctional Facility, New York); William T. Schatzman (Forsyth County Detention Center, North Carolina); Gerald Branker (Central Prison Hospital, North Carolina); Annie Harvey (NC Womens [sic] Correctional Institution, North Carolina); Sorrell Sanders (McCain Prison Hospital, North Carolina); Don Mills (Two Rivers Correctional Institution, Oregon); John R. Walton (Westmoreland County Prison); G. Mitch Woods (Jefferson County Correctional Facility, Texas); Scott Frakes (Monroe Correctional Complex, Washington); and Jane and John Does. Doc. #1 (Compl.).

[2]The Complaint is titled as a Class Action Complaint, but no class has been certified to date, preliminarily or otherwise. Therefore, the Court proceeds with its analysis based on the claims of the two identified Plaintiffs.

[3]As to the federal claim, the Defendants also assert that Plaintiff Walters' (Goney's) claim under 42 U.S.C. 1983 is barred by the applicable statute of limitations and that the Plaintiffs' federal claims, in general, should be dismissed for failure to exhaust administrative remedies. Doc. #11. Because the Court has concluded, herein, that the Complaint should be dismissed, without prejudice to

Ohio incarceration facility operators, pursuant to Federal Rule of Civil Procedure 12(b)(2); lack of subject matter jurisdiction, as to all incarceration facility operators, pursuant to Federal Rule of Civil Procedure 12(b)(1); and for failure to state a claim upon which relief can be granted, as to all Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs have filed their memorandum in response to said Motion (Doc. #17) and Defendants have filed their reply to same (Doc. #19). Thus, the matter is now ripe for a ruling by this Court.

The Court will begin with a review of the applicable facts. With a focus on the Plaintiffs' § 1983 claim, it will then turn to the jurisdictional questions presented by the Defendants' Motion and then to the arguments pertaining to whether the Complaint fails to state a claim upon which relief can be granted. The Court will conclude by addressing the disposition of the Plaintiffs' state law claims.

I.  Background

Thomas B. Goney, Jr., now deceased, was incarcerated at the Montgomery County Jail from February 25, 2006, until his death on April 11, 2006. Doc. #1 (Compl.) ¶ 12. Plaintiff Homer Ritter was also an inmate at the Montgomery County Jail "at all times relevant herein." Id. ¶13. Defendant Phil Plummer is the Sheriff of Montgomery County, Ohio, and the law officer in charge of the

---

amendment, under Federal Rule of Civil Procedure 12(b)(6), the Court need not consider these arguments at the present time. The Court will consider the same, if necessary, at such later point in time as the Plaintiffs file an Amended Complaint and the Defendants renew their Motion to Dismiss.

Montgomery County Jail. Id. ¶18. Defendant Simon Leis is the Sheriff of Hamilton County, Ohio, and the law officer in charge of the Hamilton County Jail, which is the only other detention facility involved in the present litigation that is located in the State of Ohio. Id. ¶ 23.

NaphCare is a corporation that is organized under the laws of Alabama and licensed in the state of Ohio and several other states. Id. at ¶14, 15. One of NaphCare's primary lines of business is the provision of medical care to the residents of correctional facilities throughout the country. That is, instead of maintaining its own staff of doctors, nurses, and other health professionals, jails hire NaphCare as an independent contractor to undertake the day-to-day responsibilities of providing their inmates with medical care. The Montgomery County Jail has such an arrangement with NaphCare, as do all other institutions identified in the Complaint. Id. As previously noted, one of NaphCare's practices is to require an inmate to sign a Consent to Treatment Form before receiving medical care. Id. at ¶14, 15. Although the Form contains several paragraphs whereby its signatory acknowledges his or her consent to receive medical treatment, the only paragraph relevant in the instant matter concerns a release of liability (the "release"), purporting to release NaphCare from liability, as follows:

> I sign this willingly in full understanding of the above release [sic] NaphCare, Inc., its employees and agents from any medical liability which may arise from this action.

Id. at. Ex. A. Goney and Ritter both signed Consent to Treatment Forms containing this release clause. Plaintiffs contend that requiring inmates to sign this

release, as a prerequisite to the receipt of medical care, constitutes a violation of their constitutional rights, actionable under 42 U.S.C. § 1983.

II.     Jurisdiction

   A.     Subject Matter Jurisdiction

The Defendants argue that all of the Plaintiffs' claims against the operators of the named detention facilities should be dismissed, under Federal Rule of Civil Procedure 12(b)(1), given that the Defendants are "entitled to immunity as a matter of law." The Defendants ground this argument on various state immunity statutes, which they claim provide them a blanket shield of immunity, as political subdivisions.[4]

However, as noted by both the Ohio and United States Supreme Courts, "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." Conley v. Shearer, 64 Ohio St. 3d 284, 293 (1992) (quoting Howlett v. Rose, 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332, 353 (1990), which quoted Martinez v. California, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488, and at fn. 8 (1980)). The Court clearly has subject matter jurisdiction over the Plaintiffs'

---

[4]The Defendants also argue that a municipality cannot be held liable under § 1983 for the acts of its employees solely on a *respondeat superior* theory, followed by an argument regarding Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 698 (1978). Doc. #11 at 15-17. While such an argument may be applicable to a later motion for summary judgment, it is in no way relevant to the Court's jurisdiction over the Plaintiffs' § 1983 claim.

§ 1983 claim, under 28 U.S.C. § 1331.  Therefore, the Defendants' Motion to Dismiss (Doc. #11), on the grounds of lack of subject matter jurisdiction, is OVERRULED, as to the Plaintiffs' § 1983 claim.

B.      Personal Jurisdiction

The Defendants also argue that all claims against the non-Ohio Defendant detention facility operators must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(2), because this Court does not have personal jurisdiction over these Defendants under either Ohio's long-arm statute or the Due Process Clause of the United States Constitution.

As previously noted, the Plaintiffs have brought suit against NaphCare, along with various operators of detention facilities across the country, which contract with NaphCare for services, including two facilities located in the State of Ohio and eighteen located outside of the State. See *supra* note 1.  Further, the two Plaintiffs in this litigation were incarcerated in only one of the detention facilities, the Montgomery County Jail, which is located in Ohio.  In the Motion that is presently before the Court, the non-Ohio Defendants move to dismiss the claims against them for lack of personal jurisdiction.

1.      Standard for Personal Jurisdiction

When confronted with a 12(b)(2) motion, a plaintiff must demonstrate the existence of personal jurisdiction over a defendant. Serras v. First Tenn. Bank Nat'l

Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). Where, as here, the district court addresses the issue before initiating discovery and without an evidentiary hearing, the plaintiff need not carry the full weight of its ultimate burden to demonstrate personal jurisdiction by a preponderance of the evidence, Air Prods. & Controls, Inc. v. SafeTech Int'l, Inc., 503 F.3d 544, 549 (6th Cir. 2007); rather, at this preliminary stage, the plaintiff must discharge only the "relatively slight" burden of presenting "a prima facie showing that personal jurisdiction exists in order to defeat dismissal." Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). Further, "the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal.'" Estate of Thomson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360-61 (6th Cir. 2008) (citing Theunissen, 935 F.2d at 1459). Finally, a plaintiff meets his *prima facie* burden if he "set[s] forth specific facts that support a finding of jurisdiction." Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006); Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002) (noting that a plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction") (quoting Provident Nat'l Bank v. California Fed. Savings Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).

The assertion that a defendant is within the Court's jurisdictional reach is to be tested against both state and federal law. An exercise of jurisdiction must

offend neither the forum state's long-arm statute nor the due process protections of the Fourteenth Amendment to the United States Constitution. Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1996). The Sixth Circuit stresses that the "central inquiry" in these cases is whether a defendant has established certain minimum contacts with Ohio so that this Court's exercise of jurisdiction "do[es] not offend 'traditional notions of fair play and substantial justice.'" Cole, 133 F.3d at 436 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (addressing the constitutional limits on personal jurisdiction before turning to Ohio's long-arm statute); see also Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (2000) (same).

In the present case, the Plaintiffs assert that the Court has "specific jurisdiction" over the Defendants. Specific jurisdiction is predicated upon a defendant's particular contacts with a forum in the context of the specific litigation under scrutiny. Third Nat'l Bank v. Wedge Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). The Sixth Circuit employs a three part test for assessing whether a court has specific jurisdiction over a defendant, to wit:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968). The first prong of this inquiry, purposeful availment, is often described as the "*sine qua non* for in personam jurisdiction." Id. at 381-82.

      2.     Analysis

As noted above, the Sixth Circuit instructs that this Court's central inquiry must be whether the non-Ohio detention facility operators have established the "minimum contacts" with the state of Ohio to make them amenable to personal jurisdiction in this forum. Further, the Plaintiffs bear the burden of proving personal jurisdiction over the Defendants, which is met if they set forth specific facts that support such a finding.

In the present case, the Complaint alleges no facts that support the exercise of personal jurisdiction over the non-Ohio Defendants. See Doc. #1. Further, although the Plaintiffs make multiple arguments in their responsive memorandum, they offer no factual support for their contention that these non-Ohio Defendants have established "minimum contacts" with the state of Ohio to make them amenable to personal jurisdiction in this forum (or, more specifically, as to the Court's specific jurisdiction over these Defendants, that they purposefully availed themselves of the privilege of acting in Ohio or causing a consequence in Ohio). See Doc. #17 at 4-7.[5] As noted above, once personal jurisdiction is challenged, a

---

[5]The Plaintiffs argue that, under Sixth Circuit case law, since no evidentiary hearing or discovery has occurred, they are entitled to "reasonable conjecture" about minimum contacts, thereby urging the Court to adopt their unsupported arguments.

- **9** -

plaintiff's *prima facie* burden is met only when it "set[s] forth specific facts that support a finding of jurisdiction." Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006). While the Plaintiffs' burden is only "relatively slight", they have failed to sustain even that burden, in that they offer no specific facts, in their Complaint or in support of their memorandum in opposition, to support their *prima facie* showing requirement that personal jurisdiction exists.

At this juncture, the Court makes several observations. First, it recognizes that a plaintiff is not required to plead facts, in its complaint, sufficient to sustain a court's personal jurisdiction over the named Defendants. Stirling Homex Corp. v. Homasote Co., 437 F.2d 87, 88 (2d Cir. 1971) (noting that Rule 8 (which requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction) refers only to subject matter jurisdiction, rather than personal jurisdiction); United States v. Operation Rescue, 112 F. Supp. 2d 696, 700 (S.D. Ohio 1999) ("[A] plaintiff has no obligation to specifically allege in the complaint the existence of personal jurisdiction over the defendant."). However, in the present case, the Defendants have now challenged the Court's personal jurisdiction

---

Doc. #17 at 10. It is true that the Sixth Circuit has stated as much in Bird v. Parsons, 289 F.3d 865, 872 (6th Cir. 2002). However, the inference given to the plaintiff, in Bird, resulted from the plaintiff's reliance on an admission made by the defendants. Specifically, the plaintiff estimated that a certain number of the defendants' sales occurred in Ohio, given the total number of nationwide sales the defendants admitted to having made. Id. at 872. In the present case, the Plaintiffs rely on no such established facts in making their entirely hypothetical arguments. E.g., Doc. #17 at 10 ("[T]here exists contracts between *all* Defendants (non-state, state, and NaphCare) that likely include clauses of indemnification, insurance, *inter alia*[,] that implicate the forum State *directly*.") (emphasis in original).

over certain of the Defendants, thereby placing a burden on the Plaintiffs to demonstrate the same. Further, given the facts alleged in the present Complaint, it is highly improbable that this Court will conclude that it has personal jurisdiction over the non-Ohio Defendants. All of that being said, however, the subject of the Court's personal jurisdiction is a moot point, given the Court's decision, *infra*, to dismiss the Complaint under Rule 12(b)(6).

Therefore, the Court OVERRULES, as moot, the Defendants' Motion to Dismiss (Doc. #11) for Lack of Personal Jurisdiction, pursuant to Rule 12(b)(2), as to the non-Ohio detention facility operators. Should the Plaintiffs decide to file an Amended Complaint, as discussed *infra*, and include the non-Ohio Defendants as parties, the Court suggests that Plaintiffs plead facts (within the strictures of Federal Rule of Civil Procedure 11) sufficient to demonstrate the Court's personal jurisdiction over the non-Ohio Defendants. Should the Defendants then, once again, challenge personal jurisdiction, the Court will demand that the Plaintiffs satisfy the full weight of their burden to demonstrate personal jurisdiction by a preponderance of the evidence, either through affidavit support or in the course of an evidentiary hearing.

III. <u>Defendants' Motion to Dismiss Plaintiffs' Claim under 42 U.S.C. § 1983</u>

The Court now considers Defendants' contention that the Plaintiffs' § 1983 claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As a means of analysis, the Court will initially set forth the standard for evaluating a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), thereafter turning to the arguments of the parties for and against said Motion in the instant matter.

A.  Rule 12(b)(6) Standard

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective,

that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully– harmed–me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.[6]

B. Analysis

The Plaintiffs bring their federal claims under 42 U.S.C. § 1983. That

Section provides as follows:

> Every person who under cover of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

---

[6]Both Plaintiffs and Defendants argue the latter's Rule 12(b)(6) motion in the context of Conley v. Gibson's "no set of facts" standard. 355 U.S. at 45-46. As set forth above, that standard is no longer the primary unit of measurement in the context of Fed. R. Civ. P. 12(b)(6). The Court's evaluation of the Complaint herein takes Iqbal and Twombly as its lodestar.

Considering this statute in conjunction with Twombly and Iqbal, it is axiomatic that a § 1983 plaintiff's complaint must reveal which of his "rights, privileges, or immunities secured by the Constitution and laws" were denied, who was responsible, and, in basic terms, how that deprivation came about. Instead the § 1983 portion of Plaintiffs' Complaint repeatedly invokes vague, conclusory language that seems designed to capture any conceivable violation of law. For example,

> Defendants conduct in enforcing and/or in seeking to enforce the liability release that is set forth in the "Consent to Treatment Form" serves to deny the Plaintiff(s) and proposed class members rights as guaranteed by the U.S. Constitution, Federal Law and State law.
> . . .
>
> The actions of the Defendants, jointly and/or severally, toward Plaintiff(s) and proposed class members as set forth herein, specifically in including a release of liability as part of a "Consent to Treatment Form", constituted violations of Plaintiffs' rights as guaranteed by the U.S. Constitution, Federal Law, and State law.

Doc. #1 ¶¶ 66, 69. Not only do these statements present legal conclusions without factual backing, they are also so broad that it is difficult to discern exactly what constitutional or other federal rights the Plaintiffs believe are at issue. This leads to confusion as the Court compares the parties' memoranda. The Defendants take the Complaint to be asserting, primarily, that the Plaintiffs experienced an Eighth Amendment deprivation in the form of inadequate medical care which, if such treatment resulted in sufficiently serious injury and came about as a result of deliberate indifference to the inmates' medical needs, could

constitute an Eighth Amendment violation actionable under § 1983.[7]  See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994).  Accordingly, the Defendants argue that the Complaint only alleges that Goney and/or Ritter negligently received, or failed to receive, medical care, and that mere negligence cannot, as a matter of law, amount to deliberate indifference to medical needs. Doc. #11 at 15-17.  See also Wilson v. Seiter, 501 U.S. 294 (1991).  Defendants also point out that both Plaintiffs *did sign* the release in order to receive medical care, and thus, the Court is not presented with a situation whereby an inmate, having refused to sign such a release, is then denied necessary medical care. Doc. #11 at 17.

Plaintiffs' memorandum in response to Defendants' initial memorandum explains, however, that under their § 1983 theory, the actual provision of medical care is not the primary issue, rendering most of Defendants' arguments in support of their Motion irrelevant. Doc. #17 at 18.  As their response clarifies, Plaintiffs' § 1983 claim is actually "based upon deprivation of access to courts, retaliation, violations of equal protection, violations of due process *and* the violations of an inmate's right to receive reasonable and necessary medical treatment." Id. at 15 (emphasis added).  Most of these issues can be said to have been pleaded in the

---

[7]The Court has assumed that Plaintiffs were, during the relevant period, inmates serving time following a conviction rather than pretrial detainees, but in actuality, the Complaint does not specify.  The applicable standards would not change, regardless, though, as the Eighth Amendment guarantees the rights of convicted prisoners while the due process clause of the Fourteenth Amendment guarantees identical rights to pretrial, non-adjudicated detainees.  See Bell v. Wolfish, 441 U.S. 520 (1979); Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994).

Complaint only in the sense that they are not inconsistent with its oft-repeated statement that the Defendants acted "to deny the Plaintiff(s) and proposed class members rights as guaranteed by the U.S. Constitution, Federal Law, and State law." E.g., Doc. #1 at ¶66.

Furthermore, the Complaint is, in several ways, "devoid of [the] further factual enhancement" necessary to make the legal theories explained in Plaintiffs' memorandum facially plausible. Iqbal 129 S. Ct. at 1949. For example, the Complaint presents no facts to suggest that Sheriff Leis, whose responsibilities were to the Hamilton County jail, harmed them in any way, nor do they indicate whether they have sued the Sheriffs in their official or individual capacities. The Complaint also alleges that the release discourages inmates from seeking medical care and access to the courts. Assuming arguendo, that such discouragement amounts to a constitutional deprivation, the Plaintiffs plead no facts that suggest that they themselves hesitated in seeking medical care or access to the courts as a result of their having signed the release.

In short, Plaintiffs have failed to state a § 1983 claim that is supported by sufficient factual material so as to be plausible on its face. See Twombly, 550 U.S. at 570. The lack of clarity in the Complaint has, understandably, caused the Defendants confusion and, as a result, the parties' memoranda reveal little substantive exchanges regarding Plaintiffs' actual legal theories.

A dismissal for failure to state a claim may be with, or without, prejudice, but the former is appropriate only if it is clear that granting the plaintiff leave to

amend would be futile. Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006). The Court is reluctant to dismiss the case with prejudice given that the parties have yet to substantially discuss the contentions Plaintiffs actually intended to assert.

Accordingly, the Court will dismiss the Complaint without prejudice, and the Plaintiffs will be granted leave to file an Amended Complaint. Should the Plaintiffs take advantage of this opportunity, they must bear in mind that any such amended judicial filing must comply with the strictures of Federal Rule of Civil Procedure 11, as well as the pleading standards announced in Twombly and Iqbal, explained herein, and all other applicable decisions of the Supreme Court and the Sixth Circuit Court of Appeals. Plaintiffs must identify which of *their* rights, constitutional or otherwise, were specifically deprived by Defendants' use of the release, and provide sufficient factual allegations that, when taken as true, present a § 1983 claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949. The Court is not, in any way, asking for "detailed factual allegations" from the Plaintiffs, but Rule 8 "demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "naked assertion[s] devoid of further factual enhancement," or "[t]hreadbare recitals of the elements of a cause of action." Id. (quoting Twombly, internal quotation marks omitted). Thus, Defendants' Motion to Dismiss (Doc. #11) for Failure to State a Claim upon which relief can be granted, pursuant to Rule 12(b)(6), is SUSTAINED.

IV. State Law Claims

The Plaintiffs assert various state law claims, in addition to their Section § 1983 claim. Doc. #1. As noted above, the Court has federal question jurisdiction under 28 U.S.C. § 1331, with supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367. As instructed by the Sixth Circuit, "a federal court should typically decline to exercise pendent [nka supplemental] jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims." Brown v. Cassens Transp. Co., 546 F.3d 347, 363 (6th Cir. 2008) (citing 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966)).

Given that the Court has dismissed the Plaintiffs' only federal claim, it also dismisses the remaining supplemental state law claims, without prejudice to refiling either in this Court, should the Plaintiffs choose to file an Amended Complaint, or in a state court of competent jurisdiction. Therefore, the Defendants' Motion to Dismiss (Doc. #11) is SUSTAINED, with regard to the state law claims.

V. Conclusion

The Defendants' Motion to Dismiss (Doc. #11), on the grounds of lack of subject matter jurisdiction, is OVERRULED, as to the Plaintiffs' § 1983 claim. The Defendants' Motion to Dismiss (Doc. #11), on the grounds of lack of personal jurisdiction over the non-Ohio Defendants, is OVERRULED, as moot. Finally, the Defendants' Motion to Dismiss (Doc. #11), for Failure to State a Claim upon which

relief can be granted, is SUSTAINED. The Court dismisses the Complaint, without prejudice, and the Plaintiffs are granted leave to file an Amended Complaint within 20 days from the date of this Decision.

March 31, 2010

                                             /s/ Walter Herbert Rice
                                               WALTER HERBERT RICE, JUDGE
                                               UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record